**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

WESTON WAVE WILLIAMS, a/k/a
Diamond,
Defendant-Appellant.

No. 97-4891

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James P. Jones, District Judge.
(CR-96-70-H-C)

Submitted: September 30, 1998

Decided: October 28, 1998

Before WIDENER and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

H. David O'Donnell, GREEN & O'DONNELL, Harrisonburg, Virginia, for Appellant. Thomas Jack Bondurant, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Weston Wave Williams appeals his conviction and the sentence he received after he pled guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C.§§ 841(a)(1), 846 (1994). The court sentenced Williams to 210 months' imprisonment and five years of supervised release. Williams's counsel has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal. Williams's counsel provided him with a copy of the Anders brief and informed him of his right to file a pro se supplemental brief but Williams has failed to file a brief on his behalf.

Williams's counsel first questions whether the district court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure when taking Williams's plea. We accord great deference to the district court's conduction of the Rule 11 hearing, and evaluate alleged Rule 11 violations under a harmless error standard.[1] We will vacate a conviction resulting from a guilty plea only if the trial court's violation of Rule 11 affected a defendant's substantial rights.[2] Following a de novo review of the entire record, we conclude that the district court complied with all the mandates of Rule 11 in accepting Williams's guilty plea by fully discussing the nature and elements of the charge against Williams, the applicable penalties he faced, including the effect of supervised release, and ensuring that he consulted with and was satisfied with his counsel. The court also addressed the rights Williams forfeited by virtue of his plea, the impact of the Sentencing Guidelines, and ascertained that there was a factual basis for the plea. Finally, the court questioned Williams to

_____

[1] **See United States v. DeFusco**, 949 F.2d 114, 116-17 (4th Cir. 1991).

[2] **Id.** at 117.

2

ensure that his plea was voluntary.**3** Accordingly, we find no violation of Rule 11, much less one that affected Williams's substantial rights.

Counsel also disputes whether Williams's sentence was properly calculated. The only contested issue was an enhancement for possession of a firearm, which the district court found inapplicable. Pursuant to his plea agreement, Williams was held accountable at sentencing for the stipulated drug amount of 150-500 grams of cocaine base. This corresponds to a base offense level of 34.**4** After adjusting Williams's base offense level for his leadership role in the offense (a four-level enhancement)**5** and for acceptance of responsibility (a three-level reduction),**6** the court calculated a total offense level of 35. This, combined with Williams's criminal history category of II, resulted in an imprisonment range of 188-235 months.**7** Because Williams's sentence of 210 months' imprisonment is within the applicable sentencing guidelines range, we find no plain error in Williams's properly computed sentence.**8**

As required by <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Williams's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**3** <u>**See**</u> Fed. R. Crim. P. 11(d).
**4** <u>**See U.S. Sentencing Guidelines Manual**</u> § 2D1.1(c)(3) (1995).

**5** <u>**See**</u> USSG § 3B1.1(a).
**6** <u>**See**</u> USSG § 3E1.1(a), (b).
**7** <u>**See**</u> USSG Ch.5 Pt.A (sentencing table).

**8** <u>**See United States v. Olano**</u>, 507 U.S. 725, 732-37 (1993).